UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 06-7637 DSF (JTLx) | Date | 12/29/09 |
| Title | Magaly Eagan, et al. v. AXA Equitable Life Ins. Co. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Sheila English | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order DENYING Plaintiffs' Motion to Certify Options Claim as a Class (Docket No. 58)

Plaintiffs move to certify a class as to the Fifth Cause of Action of their First Amended Complaint.[1] (First Am. Compl. ("FAC") ¶¶ 60-68.) For the reasons stated below, Plaintiffs' motion is DENIED.

### I. FACTUAL BACKGROUND

Defendant sponsors a health care benefits plan for its employees, managers, agents, and retirees, which is subject to the requirements of the Employee Retirement Income Security Act ("ERISA"). (Johnson Decl. Ex. B. 41:2-7.) ERISA requires such plans to be established by a written document, and also requires that they include the procedure to be used to amend them. 29 U.S.C. § 1102(a)(1) and (b)(3). Pursuant to these requirements, the plan at issue here ("Plan") was established in a written document, and explicitly states that Defendant has "the right at any time to modify, alter or amend the Plan in whole or in part, by written instrument duly executed and acknowledged . . . ." (Johnson Decl. Ex. E at 115.)

The Plan identifies two medical coverage options labeled "Option 1" and "Option 2." (Id. at 95-96.) In their Fifth Cause of Action, Plaintiffs allege that beginning in 1998, Defendant "substituted different health care choices that offered inferior coverage and/or

---

[1] The Court accepted the Parties' stipulation certifying a class for the other causes of action in the First Amended Complaint. (Docket No. 95.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

cost more than coverage under Option 1 and Option 2." (FAC ¶ 4.)  In addition, on January 1, 2004, Defendant eliminated both of these options from the Plan.  (Johnson Decl. Ex. J at 4.)  Plaintiffs allege that Defendant did this even though it never amended the Plan with a "written instrument duly executed and acknowledged" that would allow it to take these actions.  (FAC ¶ 4, 67; Pls.' Reply at 8.)

On May 8, 2002, putative class representative Carol Spinner entered into a "confidential separation agreement and general release" contract with Defendant by which she "release[d] and forever discharge[d] . . . [Defendant] from all . . . causes of action . . . in law or in equity . . . regarding any matter arising on or before [May 8, 2002]." (Dinielli Decl. Ex. F.)  On June 1, 2002, putative class representative Magaly Eagan also signed a "confidential separation agreement and general release" contract with Defendant by which she "release[d] and forever discharge[d] . . . [Defendant] from all . . . causes of action . . . in law or in equity . . . regarding any matter arising on or before [June 1, 2002]." (Dinielli Decl. Ex. G.)  Approximately 90 % of the proposed class have not entered into this type of "confidential separation agreement and general release" contract with Defendant.  (Pls.' Reply at 20.)

## II. LEGAL STANDARD

District courts must perform a "rigorous analysis" of whether Rule 23's requirements are met before certifying a class.  <u>Valentino v. Carter-Wallace, Inc.</u>, 97 F.3d 1227, 1233 (9th Cir. 1996).  The party seeking class certification bears the burden of proving that the requirements of Rule 23 are met.  <u>Rodriguez v. Hayes</u>, 578 F.3d 1032, 1047 (9th Cir. 2009).  As an initial matter, the party seeking certification first must satisfy all requirements of Rule 23(a).  <u>Valentino</u>, 97 F.3d at 1234.  To this end, the moving party must show:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representatives are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

At this stage of the proceedings, the Court must accept the factual allegations in the complaint as true.  <u>Blackie v. Barrack</u>, 524 F.2d 891, 901 n.17 (9th Cir. 1975).  However, because "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action," a court must often look behind the pleadings "to evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a)." <u>Gen. Tel. Co. of the Sw. v. Falcon</u>, 457 U.S. 147, 160 (1982) (citations and internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

### III.  DISCUSSION

### A.  Plaintiffs Have Not Met Their Burden Under Rule 23(a)(3) or (4)

Plaintiffs must show that the four prerequisites of Rule 23(a) – numerosity, commonality, typicality, and adequacy of representation – are met.  Here the disputed issues are typicality and the adequacy of the representation.

Rule 23(a)(3) requires that the representative parties' claims be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).  Under Rule 23(a)(3), "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).  "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose . . . ." Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (citation and internal quotation marks omitted).  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Id. (internal quotation marks omitted).  "[C]lass certification should not be granted if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." Id. (internal quotation marks omitted).

Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  This requirement is grounded in constitutional due process concerns; "absent class members must be afforded adequate representation before entry of a judgment which binds them." Hanlon, 150 F.3d at 1020.  The Court must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Id.  This requirement tends to merge with the typicality requirement.  Gen. Tel. Co. of the Sw., 457 U.S. at 157 n.13.

Defendant argues Plaintiffs are not proper class representatives under Rule 23(a)(3) and (4) because:  (1) Plaintiffs did not choose Options 1 or 2 before those options were eliminated from the Plan; and (2) Plaintiffs' claims are not typical because they both signed release agreements in 2002 that bar them from pursuing any claims they had against Defendant that arose before they signed those agreements.  (Def.'s Opp. at 14-17.)

Defendant's first argument raises similar concerns as its standing argument.  To the extent the claims asserted in the Reply have any validity, Plaintiffs may be adequate class representatives.  The Court need not decide the issue, however, because Defendant's second argument is valid.  Both Plaintiffs signed agreements in 2002 by which they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

released any causes of action they had against Defendant that arose before those agreements were executed.  By Plaintiffs' own admission, approximately 90% of the proposed class did not sign such a release.  Plaintiffs' Fifth Cause of Action relies on acts or omissions allegedly occurring before the proposed class representatives signed those agreements.  (FAC ¶¶ 4, 65.)  The Court finds that Plaintiffs: (1) are not typical under Rule 23(a)(3) because Defendant has a unique defense to assert against them in light of these agreements; and (2) are inadequate under Rule 23(a)(4) because, in order to address the unique defense available to Defendant, the class representatives' litigation strategy likely would be at odds with the interests of the majority of the class.

### B.  A Determination of Article III Standing is Premature

Whether Plaintiffs have Article III standing likely depends on a number of factors that have not yet been properly presented, including the precise nature of the relief Plaintiffs seek as to the Fifth Cause of Action[2] and whether a subsequent amendment to the Plan moots any request for injunctive relief.[3]

In any event, it is more appropriate to defer this issue at least until appropriate class representatives - if any - join the litigation.  See also Lujan v. Defendars of Wildlife, Inc., 504 U.S. 555, 561 (1992).[4]

### IV.  CONCLUSION

Plaintiffs' motion is DENIED.  However, Plaintiffs may amend their complaint before January 25, 2010, if they believe they can rectify the noted deficiencies, and meet their burden under Rule 23(b).

IT IS SO ORDERED.

---

[2]  Neither the allegations of the FAC nor the relief sought in the prayer are entirely consistent with the position taken in Plaintiffs' Reply.

[3]  Defense counsel represented at the hearing on this motion that, in an abundance of caution, the Plan was amended in 2008.  Plaintiffs have not had an opportunity to address this issue.

[4]  The issue may actually be more appropriate for determination on summary judgment.