MARK T. JOHNSON (SBN 76904)
mjohnson@schneiderwallace.com
SCHNEIDER WALLACE COTTRELL
BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:  (415) 421-7100
Facsimile: (415) 421-7105

JAMES C. STURDEVANT (SBN 94551)
jsturdevant@sturdevantlaw.com
THE STURDEVANT LAW FIRM
A Professional Corporation
354 Pine Street, Fourth Floor
San Francisco, CA   94104
Telephone:   (415) 477-2410
Facsimile:    (415) 477-2420

LAW OFFICE OF PAUL ADELMAN
Paul Adelman (Alaska BN 9406021)
(*Pro Hac Vice*)
adelman@alaska.net
425 G St. Ste 910
Anchorage AK  99501-2140
Telephone: (907) 277-5286
Facsimile: (907) 277-5288

Attorneys for Plaintiffs and the Plaintiff Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGALY EAGAN and CAROL A. SPINNER, individually and on behalf of all other similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>AXA EQUITABLE LIFE INSURANCE COMPANY and Does 1-10,<br><br>Defendant. | CASE NO. CV 06-7637 DSF (JTLx)<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Date:    June 6, 2011<br>Time:    1:30 p.m.<br>Dept:    840<br>Judge:   The Honorable Dale S. Fischer |

This matter having come before the Court on April 18, 2011 for Final Approval of Class Action Settlement and entry of a final order setting forth the parties' obligations and dismissing this matter with prejudice, the Court hereby finds and orders as follows:

1.     The Court entered an Order on December 3, 2011 preliminarily approving the Settlement (the "Preliminary Approval Order") setting a fairness hearing, specifying the notice to be provided to the class, and setting forth the requirements for requesting exclusion from, or objecting to, the Settlement.  (Dkt. 147.)

2.     The Court finds that the combined response of the class to the settlement supports final approval.  Of the more than 10,625 affected class members to whom notice was mailed, only 22 excluded themselves and only three (3) objected.  The Court has reviewed and considered the objections submitted and Plaintiffs' responses thereto (*see* Declaration of James C. Sturdevant Regarding Timely Requests for Exclusion and Objections, filed on April 8, 2011 [Dkt. 156], at ¶¶ 4-18 & Exs. B-D; and Supplemental Declaration of James C. Sturdevant In Support of Motion for Final Approval of Class Action Settlement, filed on May 25, 2011), and finds that they do not raise concerns that warrant rejecting the settlement based on the facts and circumstances of the case, including the likelihood of success on the merits by Plaintiffs compared to the terms of the settlement.  The Court finds that the monetary relief provided to the class is fair and adequate.  The Court also finds that the mechanisms and procedures set forth in the Stipulation of Settlement (Dkt. 142-3) by which payments are to be calculated and made to class members are fair, reasonable, and adequate.

3.     The Court finds that it is appropriate for this action to be maintained as a class action for settlement purposes, and that all of the requirements of Rules 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure have been satisfied.

4.     The Court finds that the Class Representatives, Magaly Eagan, Carol A. Spinner, and Evans Walker, fairly and adequately represented the interests of the Class in this matter.

1

5.     The Court finds that Class Counsel fairly and adequately represented the interest of the Class in this matter.

6.     The Court finds that the Class Notice, which was provided as directed by the Court in the Preliminary Approval Order, is the best notice practicable under the circumstances and satisfies the requirements of due process and Rules 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure.

7.     The Court finds that the Settlement is fair, reasonable, and adequate as to each member of the Class.

8.     The Court has previously certified the following class of persons in the Preliminary Approval Order (the "Class" or "Settlement Class") for the purposes of settlement pursuant to Federal Rule  23(b)(3) and 23(e): All persons (including "Eligible Dependents" within the meaning of that term in Exhibit B to the Second Amended Complaint, as amended, for example, to also include eligible domestic partners) who were eligible for AXA retiree medical, dental and/or other health coverage ("Retiree Coverage") under the AXA Equitable Retiree Health Plan (as currently or previously known) (the "Plan") at any time between December 1, 2000 and the date that the class is preliminarily certified for settlement purposes (the "Class Period").

9.     This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the Settlement Class, as defined below.

10.     This Court hereby decrees that neither the Settlement Agreement, nor this preliminary approval order, nor the fact of a settlement, constitutes an admission or concession by the Defendant of any liability or wrongdoing.

11.     <u>EFFECTIVE DATE</u>.  For the purposes of this Final Order and Judgment, the Effective Date of this Settlement shall be the date on which the last (in time) of the following events occurs, and shall not occur unless and until each of the following events occurs:

a.      The Court has certified the redefined Class;

b.      All dates on which a party had the right to terminate this Settlement have passed with no such right being exercised;

c.      The Court has entered the Preliminary Approval Order;

d.      The Court has entered the Judgment; and

e.      The Judgment has become Final (as set forth in the following subparagraph (f)).

f.      The Judgment shall be considered "Final" one business day following the latest to occur of the following events:

i.      the date upon which the time expires for filing or noticing any appeal from the Judgment; and/or

ii.      if there is an appeal or appeals from the entry of the Judgment (in whole or in part, including subsequent appeal or appeals from the proceedings arising out of any initial appeal), other than an appeal limited to the award of attorneys fees and costs and/or to incentive awards to the Representative Plaintiffs, the completion, in a manner that leaves in place the Judgment without any material modification, of all proceedings arising therefrom (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal following decisions on remand).

12.      RELIEF TO THE SETTLEMENT CLASS.

a.      <u>Monetary Relief</u>.  Defendant AXA shall provide monetary relief to members of the Settlement Class as follows:

i.      AXA shall pay to Class Members an aggregate of $2.5 million (the "Settlement Funds").  (*See* Stipulation of Settlement [Dkt. 142-3] ¶ 16 & Exhibit A thereto.)  The parties have agreed to the plan of allocation for the Settlement Funds attached as Exhibit A to the Stipulation of Settlement, taking into account the reasonable

3

capabilities of AXA's relevant computer systems, the shared objective to avoid delay in implementing such plan, and that allocations should be provided directly to Class Members who are either (i) retirees, or (ii) Eligible Dependents entitled to enroll personally under the Plan pursuant to Plan provisions ("Enrollment-Eligible Dependents"), while other Eligible Dependents will be benefited through these allocations to their related Class Members, just as benefits to them under the Plan are derivative of benefits to their related Class Members.  The Court hereby approves the Plan of Allocation attached as Exhibit A to the Stipulation of Settlement.  Distribution pursuant to the plan of allocation to a Class Member who is enrolled in the Plan for retiree coverage shall be made as credits against or reimbursements of the relevant Class Member's monthly contributions to the Plan ("Contributions").  The total amount available to be distributed to each such Class Member under the plan of allocation will be applied each month to the Class Member's Contributions (to be used as rapidly as possible) until the total amount available has been fully used up.  Distribution shall begin under this procedure no earlier than ninety (90) days and no later than one hundred eighty (180) days after the Effective Date and shall end no more than 24 months after the distribution begins (the "Payout Period").  A Class Member who is eligible to receive a distribution payment under the plan of allocation but who is not enrolled in the Plan at the time of the first distribution payment or the start of any subsequent calendar year, or whose coverage lapses prior to the date of a distribution payment, shall be paid any remaining distributive share in cash within sixty (60) days of when his or her next distribution would have been made.  A Class Member who has not received the total amount available to the Class Member under the Plan of Allocation by the end of the Payout Period shall be paid any remaining distributive share in cash at the end of the Payout Period

       b.    <u>Injunctive Relief</u>.  Defendant AXA shall provide injunctive relief to members of the Settlement Class as follows:

4

i.      For the period from March 29, 2010 ("Settlement Date") through and including December 31, 2011 (the "Freeze Period"), the contribution that AXA is required to pay under the Plan as amended in 2008 and thereafter through the Settlement Date toward each individual Class Member's cost of Retiree Coverage (taking into account, without limitation, cost sharing) shall not be reduced or eliminated, except based upon the "Legislative Out" set forth in Paragraph 19 of the Stipulation of Settlement [Dkt. 142-3].  Except as otherwise provided in Paragraphs 17 and 18 of the Stipulation of Settlement [Dkt. 142-3], AXA shall retain the right to make any other changes to the Plan, except that during this Freeze Period AXA will have in effect at least one medical and one dental coverage option for Class Members for which the combined annual cost is equal to or greater than the combined medical and dental annual AXA - contribution limit under the Plan.  (Currently, prior to consideration of cost sharing, that limit is typically $6,702 combined medical and dental for non-Medicare eligible Class Members and $3,269 combined medical and dental for Medicare- eligible Class Members.  For avoidance of doubt, the Settling Parties expressly agree that a Class Member who receives coverage under the Plan shall continue to be responsible for all costs of coverage in excess of the AXA contribution limit, as that limit is adjusted downward by cost-sharing, if any.)  The Settling Parties recognize that the dollar amount of the AXA contribution for a particular Class Member may still change prior to December 31, 2011 under the terms of the existing Plan because of a change in the Class Member's status or elections under the Plan (for example, because of the Class Member's turning age 65 during calendar year 2010 or 2011) (*see* Stipulation of Settlement [Dkt. 142-3] ¶ 17); and

ii.      For the period of January 1, 2012 through December 31, 2012 (the "Limited Freeze Period"), the contribution that AXA is to pay under the Plan as amended in 2008 and thereafter through the Settlement Date toward each individual Class Member's cost of Retiree Coverage (taking into account, without limitation, cost sharing)

will not be decreased by more than twenty-five percent (25%), except based upon the Legislative Out set forth in Paragraph 19 of the Stipulation of Settlement [Dkt. 142-3]. Except as otherwise provided in Paragraphs 17 and 18 of the Stipulation of Settlement [Dkt. 142-3], AXA shall retain the right to make any other changes to the Plan, except that during this Limited Freeze Period AXA will have in effect at least one medical and one dental coverage option for Class Members for which the combined annual cost is equal to or greater than seventy-five percent (75%) of the combined medical and dental annual AXA contribution limit under the Plan.  (Currently, prior to consideration of cost sharing, that limit is typically $6,702 combined medical and dental for non-Medicare eligible Class Members and $3,269 combined medical and dental for Medicare-eligible Class Members.  For avoidance of doubt, the Settling Parties expressly agree that a Class Member who receives coverage under the Plan shall continue to be responsible for all costs of coverage in excess of the AXA contribution limit, as that limit is adjusted downward by the specified percentage and by cost-sharing, if any.)  The Settling Parties recognize that the dollar amount of the AXA contribution for a particular Class Member may, between January 1, 2012 and December 31, 2012, still change by more than the specified percentage because of a change in the Class Member's status or elections under the existing Plan (for example, because of the Class Member's turning age 65 during calendar year 2012).  (*See* Stipulation of Settlement [Dkt. 142-3] ¶ 18.)

        iii.      If after the Settlement Date, but during the Freeze Period or the Limited Freeze Period, a single house of the United States Congress passes any bill that would impede, restrict or otherwise burden AXA's exercising its current right to terminate or amend the Plan to reduce or eliminate AXA contributions, or that would materially increase the financial burden on AXA related to the Plan (including, without limitation, a material increase in liability related to the Plan relative to what it would be without regard to the terms of the bill), then AXA may declare in writing, delivered to the Mediator and Class Counsel, that it is exercising the "Legislative Out."  If AXA exercises

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT; CASE NO. CV 06-7637 DSF (JTLX)

the Legislative Out, then AXA may, during the Freeze Period or the Limited Freeze Period, terminate the Plan or amend the Plan to reduce or eliminate any contribution subsidy or option that would otherwise be payable or provided to Class Members.  Period in which AXA's contribution subsidy is reduced or eliminated because AXA's exercises the Legislative Out, (the "Legislative Out Period"), AXA shall pay to each affected Class Member (i.e., a Class Member who is a Plan participant during the Legislative Out Period or, in the circumstance in which AXA terminates the Plan pursuant the Legislative Out, a Class Member who was a Plan participant on the day before termination) a payment equal to twenty (20) percent of the additional medical and/or dental contribution subsidy he/she would have received from AXA during the Legislative Out Period if AXA had not exercised the Legislative Out; provided however that AXA's total payment pursuant to Paragraph 20 of the Stipulation of Settlement [Dkt. 142-3] shall not exceed $4.5 million dollars in the aggregate.  If AXA exercises the Legislative Out during the Freeze Period, it shall be presumed that AXA shall have exercised its right to reduce its contribution to Retiree Coverage by 25% as permitted hereby as of January 1, 2012.  To the extent that such Legislative Out payment (or any payment provided for under Paragraph 16 of the Stipulation of Settlement [Dkt. 142-3]) is not paid in credits to Class Members within the Payout Period, then any such unpaid amounts shall be paid to the relevant Class Members in cash.

13.    Plaintiff Magaly Eagan is awarded a total of $15,000 as a service award and in exchange for a general release of all claims Eagan may have against Defendant AXA. This payment is in recognition of Plaintiff's service as the class representative, including her time spent responding to written discovery and appearing for deposition.  Defendant AXA shall pay the incentive award to Plaintiff by delivering the funds to Class Counsel within 30 days after the Effective Date of the Settlement.

14.    Plaintiff Carol A. Spinner is awarded a total of $15,000 as a service award and in exchange for a general release of all claims Eagan may have against Defendant

AXA. This payment is in recognition of Plaintiff's service as the class representative, including her time spent responding to written discovery and appearing for deposition. Defendant AXA shall pay the incentive award to Plaintiff by delivering the funds to Class Counsel within 30 days after the Effective Date of the Settlement.

15.     Plaintiff Evans Walker is awarded a total of $10,000 as a service award and in exchange for a general release of all claims Eagan may have against Defendant AXA. This payment is in recognition of Plaintiff's service as the class representative, including her time spent responding to written discovery and appearing for deposition. Defendant AXA shall pay the incentive award to Plaintiff by delivering the funds to Class Counsel within 30 days after the Effective Date of the Settlement.

16.     Class Counsel is entitled to an award of attorneys' fees and costs. Following the Court's Preliminary Approval of the Class Settlement, Class Counsel filed a motion with the Court Pursuant to Federal Rules of Civil Procedure, rules 23(h) and 54(d)(2) for a determination of the amount of fees to be awarded, up to the maximum of $1.7 million. (Dkt. 152.) The Court hereby finds from all the documentation submitted, that an award of attorneys' fees and costs to Plaintiffs' counsel in the amount of $1.7 million is reasonable and justified. Payment of any attorneys' fees and costs awarded by the Court shall be made by Defendant AXA to Class Counsel within 30 days of the Effective Date of the Settlement.

17.     Defendant AXA shall be responsible for paying all costs of identifying class members as described in the Settlement Agreement, and paying all costs of notice and settlement administration.

18.     Each member of the Class is hereby bound by the terms of the Settlement Agreement, including the releases contained therein, as well as this Judgment and Final Order.

19.     As of the Effective Date of the Settlement, Plaintiffs Eagan, Spinner, and Walker, on behalf of themselves and their successors, assignees, heirs, executors,

8

administrators, legal representatives and joint obligors, will release, remise, acquit and forever discharge Defendant AXA and the Affiliated Companies from any and all claims, causes of action, damages, rights or liabilities, whether known or unknown, which he may have against Defendant AXA or any of the Affiliated Companies.

20.    All claims asserted in the Litigation against Defendant AXA are hereby dismissed on the merits and with prejudice.  The Court shall retain jurisdiction over this action for the purposes of interpreting, implementing, effectuating and enforcing the terms of Stipulation of Settlement and the Final Order and Judgment and may issue such additional orders, on its own motion or the motion of any party or class member as are necessary or appropriate to effectuate its intent.

**IT IS SO ORDERED.**

DATED: _____          _____

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE